(February 15, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY JONES, Appellant.—

We disagree with defendant that the description of the vehicle in which the perpetrators were seen fleeing the crime scene as a red car with a white top was inadequate to justify a stop of a vehicle matching that description that was made near the crime scene within moments after the radio run reporting the crime was received. Nor is there merit to defendant's contention that the in-court identification made of him by one of the complainants was tainted by a suggestive out-of-court identification made at the scene of the stop (*People v Riley*, 70 NY2d 523, 529, citing *People v Love*, 57 NY2d 1023; *see also, People v Hicks*, 68 NY2d 234, 242-243; *People v Brnja*, 50 NY2d 366, 372). Concerning the station house identification of which defendant also complains, we affirm the suppression court's finding of fact that it never took place. We have considered defendant's other arguments that the verdict was against the weight of the evidence, that the prosecutor's examination of witnesses and summation deprived him of a fair trial, and that his sentence was excessive, and find them to be either without merit, unpreserved, or nonprejudicial. Concur—Murphy, P. J., Kupferman, Kassal, Wallach and Smith, JJ.